## HORNSTEIN v. YARRINGTON.

No. 14912—Opinion Filed June 2, 1925.

1. **Damages—Action for General Damages from Dog Bite—Evidence of Incapacity to Work.**

In an action to recover general damages, as for pain and suffering caused by a dog bite, evidence that the plaintiff was incapacitated for work for a certain period is admissible as tending to show the nature and extent of the wounds inflicted; and the admission of such evidence does not violate the rule that special damages, such as loss of time, must be pleaded to admit of proof of such damages.

2. **Appeal and Error — Preserving Error—Exceptions to Instructions.**

In order for a party to have instructions given by the trial court reviewed on appeal it is necessary to have his exceptions noted to said instructions and to have said exceptions signed by the trial judge as required by section 542, Comp. St. 1921.

**3. Animals—Damages for Dog Bite—Recovery not Excessive.**

Record examined, and held, that the verdict is not excessive and the same does not appear to have been given under the influence of passion or prejudice.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Comanche County; A. S. Wells, Judge.

Action by E. N. Yarrington against Phil Hornstein. Judgment for plaintiff, and defendant brings error. Affirmed.

Stevens & Cline, for plaintiff in error.

John F. Thomas, for defendant in error.

Opinion by JARMAN, C. The defendant, Hornstein, owned a bulldog which the plaintiff Yarrington, alleges was of a vicious and dangerous character and disposition, which was well known to the defendant and that said dog was kept by the defendant at the same place where the plaintiff resided. The plaintiff alleges, further, that said dog attacked him and inflicted serious and painful wounds upon his hands, arms, limbs, and body, causing him great pain and suffering, and for which he prayed damages in the sum of $1,000.

The defendant, by his answer, admitted the ownership of said dog, but denied that he was of a vicious or dangerous disposition, and alleged that, if the plaintiff was injured, as alleged by him, it was because of the fact that the plaintiff wrongfully and maliciously attacked the dog, and that the dog, in self-defense, bit the plaintiff and that the attack on the part of the dog was not occasioned by viciousness or dangerous tendencies on his part.

The cause was submitted to a jury, resulting in a verdict for the plaintiff in the sum of $500. A remittitur of $150 was filed by the plaintiff, and judgment for $350 was entered by the court in favor of the plaintiff on said verdict, and the defendant has appealed.

The first assignment of error is that the court erred in admitting certain incompetent and immaterial evidence on the part of the plaintiff.

The plaintiff was a barber, and the evidence complained of was that the plaintiff, by reason of the wounds received, was unable to follow his trade for a period of about six weeks. The defendant insists, and rightfully so, that impaired earning capacity occasioned by personal injuries, constitutes special damages, and it is further contended that said evidence was incompetent and was prejudicial to the rights of the defendant, since the plaintiff pleaded only general damages. There is no dispute about the rule the defendant contends for, which is that special damages must be pleaded in order to prove the same; still, this rule has no application here, for the reason that said evidence was not offered for the purpose of establishing damages for loss of time, but for the purpose of showing the extent of the injuries of the plaintiff. In the cross-examination of the plaintiff, counsel for the defendant sought to minimize the pain and suffering of the plaintiff by attempting to show that the plaintiff was not incapacitated from work on account of said injuries, as shown by the following evidence:

"Q. You barbered the following Saturday after the injury, didn't you? A. No, sir; I did not. Q. When did you next barber? A. In about six weeks."

We think this evidence was properly admitted for the purpose of showing the extent and character of the wounds inflicted.

The defendant next contends that the court erred in giving instruction numbered 3. We cannot review this instruction however, for the reason that the same was not excepted to in the manner required by section 542, Comp. St. 1921. On the margin and at the side of this instruction, there appears a notation in ink, written by some one, "Excepted to by defendant," but this purported exception is not signed by the trial judge. Section 542, Comp. St. 1921, provides that exceptions to the giving of instructions may be taken by a party writing at the close of each instruction. "Given and excepted to" which shall be signed by the judge. The requirements of this section are mandatory, and, unless complied with, instructions complained of cannot be reviewed on appeal. Security Ben. Ass'n v. Lloyd, 97 Okla. 39, 222 Pac. 544; Alva Roller Mills v. Simmons, 74 Okla. 314, 185 Pac. 76.

The remaining assignment of error urged by the defendant is that the verdict was excessive and appeared to have been given under influence of passion and prejudice. We have carefully examined the record in this case and cannot say that said verdict, under the state of facts developed, is excessive, or that it was given under the influence of passion or prejudice. The evidence discloses that the bulldog of the defendant was of a very savage and vicious disposition and had, on numerous occasions, attacked people, and that this was well known to the

defendant; that the plaintiff was attacked by this dog in a very savage and vicious manner without any provocation or cause therefor being given by the plaintiff, and that the plaintiff was severely bitten and wounded by the dog, from which he suffered intensely for several weeks and, at the time of the trial of said cause, he had not gotten over the effects of said wounds. The defendant offered no evidence in his behalf and no defense was interposed by him; and we think the jury was sufficiently lenient under all the facts and circumstances in the case, and that the verdict should stand, particularly, in view of the fact that the plaintiff has filed a remittitur of $150.

The judgment of the trial court is, therefore, affirmed.

By the Court: It is so ordered.

Note.—See under (1) 3 C. J. p. 123; 17 C. J. p. 1022. (2) 3 C. J. pp. 901, 919. (3) 4 C. J. p. 873; 17 C. J. p. 1120.