**BROWN v. NICHOLS.**

No. 15638—Opinion Filed Oct. 27, 1925.

Rehearing Denied April 27, 1926.

1. **Fraud—Pleading—Law Action for Fraudulent Sale—Two Remedies.**

Where a petition, liberally construed, states a case at law in damages for fraud in the sale of property, plaintiff may show that he rescinded the contract absolutely upon discovery of the fraud, and may recover the consideration parted with upon the fraudulent contract, provided he shows restoration, or offer to restore, to the party sued, prior to bringing the action, whatever he has received by virtue of the contract; or, under such petition, he may show affirmance of the contract, retention of that which he has received, and seek his damages sustained by reason of his reliance upon the fraudulent representations.

2. **Appeal and Error—Theory of Case as Tried—Instructions—Insufficient Exceptions—Invited Error—Action for Fraud.**

Where, in such case, plaintiff introduced evidence to support the latter remedy mentioned above, and the court gave a certain instruction, without proper exception by defendant, consonant therewith, verdict and judgment accordingly based thereon will not here be disturbed because plaintiff made such tender of restoration in his petition as though the action were one in equity; nor because the court also instructed the jury, at the request of defendant, under the first remedy referred to above, there being no evidence to support such tender prior to the bringing of the action.

3. **Appeal and Error—Instructions—Insufficiency of Exceptions.**

In order to have instructions reviewed on appeal, it is necessary to except thereto and have such exception signed by the trial judge.

4. **Disposition of Cause.**

The record clearly supports the judgment.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Tulsa County; Albert C. Hunt, Judge.

Action by Mabel Nichols against E. M. Brown for fraud. Judgment for plaintiff, and defendant appeals. Affirmed.

Joe T. Dewberry, for plaintiff in error.

G. C. Spillers, Louis W. Pratt, and James M. Springer, for defendant in error.

Opinion by ESTES, C. Parties will be referred to as they appeared in the trial court, inverse to their order here. Mabel Nichols, plaintiff, had judgment against E. M. Brown for $2,160 for fraud. She alleged that defendant had induced her to purchase promissory notes for said amount by the statement, first, that said notes were worth 100 cents on the dollar; that said notes were secured by chattel mortgage on hotel furniture, the defendant being the owner of the first mort-

gage on the same property; that after plaintiff procured said notes, defendant denied they were worth their lace value, but stated that he would buy them for $1,000; that at that time plaintiff did not care to sell said notes, but later needed money and offered to sell said notes, at which time. defendant stated that his first mortgage notes were overdue and that he proposed to foreclose and that the property was not sufficient to pay his first mortgage and that therefore plaintiff's notes were worthless; that defendant told plaintiff to exchange her notes for anything whatever of value she could get and refused at that time to purchase same; that immediately defendant procured his agent to trade defendant's worthless, out-of-date, second-hand automobile to plaintiff for said notes; that thereafter defendant traded a diamond finger ring of the value of only $75 to plaintiff for said automobile; that plaintiff was inexperienced in business and relied upon defendant as her business adviser. Plaintiff, in her petition, offered to return to defendant the said diamond ring, praying for judgment for $2,310, following this allegation:

"Plaintiff further states that by reason of the fraudulent representations herein made by the said defendant for the purpose of deceiving her, that she believing the same to be true at the time they were made by defendant, acted upon the same, and was misled and defrauded out of the notes of the reasonable value. principal and interest. in the sum of $2 310, to her damage in the sum of $2,310."

From the foregoing, it is apparent that plaintiff's action was one of law for damages, bottomed on fraud. On request of defendant, the court instructed the jury as follows:

"In this connection you are instructed that if you find from a preponderance of the evidence that the plaintiff was entitled to rescind the transaction between her and the defendant, then before the plaintiff can recover in this action you must further find from a preponderance of the evidence that the plaintiff with reasonable diligence, upon discovering the facts which entitled her to rescind. if you find that she was so entitled to rescind, and her right to rescind, offered to rescind said contract with the defendant and offered to restore to the defendant everything she had received under said contract and transaction. upon condition that the defendant should do likewise, and unless you so find your verdict must be for the defendant."

Defendant Brown urges for reversal that there was no evidence that plaintiff tendered the ring to defendant before bringing this action. He is right—there is no such evidence. In J. Crouch & Son v. Huber et al., 87 Okla. 83, 209 Pac. 764, the remedies for one thus defrauded are laid down:

"A person induced by fraud to purchase property has four· remedies. He may, first, upon discovery of the fraud, rescind the contract absolutely and sue in an action at law, and recover the consideration parted with upon the fraudulent contract, and in such case he must restore, or offer to restore, to the parties sued whatever he has received by virtue of the contract; or, second, he may bring an action in equity to rescind the contract, and in such case it is sufficient for him to restore, or make offer in his petition to restore, everything of value which he has received under the contract; or. third, he may affirm the contract, retain that which he has received, and bring an action at law, to recover the damages sustained by reason of his reliance upon the fraudulent representations; or. fourth, he may, in an action against him to recover the purchase price, set up the damages sustained by reason of the fraud, as a defense or by way of counterclaim."

Said instruction evidently was calculated to bring the case within the said first remdy. However, the giving of said instruction, there being no evidence whatever of such previous tender, can avail nothing to the defendant, because he specifically requested the giving of said instruction in its indentical form. He invited the condition of the record under which he now demands a reversal herein. It is the duty of this court to construe the pleadings liberally in order to effectuate justice. Section 294. C. O. S. 1921. We think said petition in its effect is sufficient to support relief under the third remedy of said Crouch Case, stating a cause at law for damages bottomed on fraud.

The court also instructed the jury:

"You are instructed that if you find for the plaintiff by a preponderance of the evidence, under the instructions of the court heretofore given you, the measure of her damages is the amount which will compensate her for all the detriment proximately caused by the fraud of the defendant.

"If you find for the plaintiff, you should return a verdict for the value of the notes sued on at the time of the transaction complained of, less any credits which she might have received from the defendant on other notes or then existing indebtedness, if you find she did receive any such, and less the value of the diamond ring as shown by the testimony, which the plaintiff will retain by reason of the refusal of defendant to accept the tender thereof made by plaintiff."

In addition thereto, the court instructed

quite fully on fraud and the rules in general to govern the jury in such cases. We think the foregoing instruction brought the case within the third remedy of the Crouch Case, supra, no tender of the ring being necessary on the part of the plaintiff, and, as stated, the petition of plaintiff is consonant with such theory. The parties seem to have submitted the cause on such theory, except the defendant made its record so as aforesaid, under the first remedy of the Crouch Case. The cause was actually so submitted under said third remedy. The jury evidently returned its verdict on this theory, since it made a liberal allowance to the defendant for the value of the ring, which was produced in open court and tendered to defendant in the pleadings, deducting such value of the ring from the amount claimed by plaintiff as the value of said notes. All parties knew at the time of the trial and the evidence developed that defendant collected all of said notes, and defendant was not in position to tender back said notes, had he been so disposed. In short, the jury seems to have allowed defendant for the ring, and plaintiff for her notes, under the evidence, thus adopting the third remedy of the Crouch Case, consonant with the petition of plaintiff, and said last instruction of the court. The record shows that defendant attempted to except to each and all the instructions given by the court, even to the first instruction referred to in this opinion, requested by himself. This attempt was made by an omnibus exception shown in the record following the instructions, made seriatim to each instruction given, but it is not signed by the judge, or otherwise preserved as required by section 542, C. O. S. 1921. These attempted exceptions are not exceptions at all, and cannot be considered by this court. Security Ben. Association v. Lloyd, 97 Okla. 39, 222 Pac. 544; Hornstein v. Yarrington, 110 Okla. 175, 237 Pac. 73.

It thus appears that this cause was submitted to the jury on the theory of the third remedy of the Crouch Case, supra—the affirmation by the plaintiff of the contract and retention of the ring—same being an action at law to recover the damages sustained by reason of the reliance of plaintiff upon the fraudulent representations of defendant. We have examined this record, and find that same discloses a case of rank fraud perpetrated by defendant upon plaintiff. The verdict of the jury is clearly correct, and there being no prejudicial error, let the judgment be affirmed.

By the Court: It is so ordered.