## SCOTT v. SCOTT.

No. 17860.    Opinion Filed Jan. 3, 1928.

(Syllabus.)

1. **Trial—Sufficiency of Plaintiff's Evidence to Withstand Demurrer.**

Where there is evidence introduced tending to establish the allegations of plaintiff's petition, the trial court commits no error in overruling a demurrer thereto. It is only where there is no evidence introduced reasonably tending to establish the allegations of plaintiff's petition that the court is justified in sustaining a demurrer to such evidence.

2. **Appeal and Error—Exceptions to Instructions—Statutory Requirements Mandatory.**

Section 542, C. O. S. 1921, provides that exceptions to the giving of instructions or the refusal thereof may be taken by a party writing at the close of each instruction, "Refused and excepted to," or "Given and excepted to," which shall be signed by the judge. The requirements of this section are mandatory, and, unless complied with, instructions complained of cannot be reviewed on appeal.

Error from District Court, Comanche County; E. L. Richardson, Judge.

Action by John Scott against M. B. Scott.

Judgment for plaintiff, and defendant brings error. Affirmed.

J. A. Diffendaffer, for plaintiff in error.

Stevens & Cline, for defendant in error.

HEFNER, J. John Scott, as plaintiff, brought suit in the district court of Comanche county against his brother, M. B. Scott, as defendant. The parties will be referred to as they appeared in the trial court.

For his first cause of action, the plaintiff alleged that in 1917 he formed a partnership with the defendant whereby they were to engage in the bakery business at Lawton; that the plaintiff was to furnish $5,000 in cash to apply toward the purchase price of the bakery and the balance was to be paid out of the proceeds of the business; that the bakery was purchased and the plaintiff and defendant operated said business until about the 30th day of October, 1921, when the partnership was dissolved and the defendant agreed to pay plaintiff for his one-half interest in said business the sum of $4,-500, $500 in cash and the balance to be paid in monthly payments of $100 each. The defendant paid the sum of $500 in cash and thereafter did make payments to the plaintiff in the aggregate sum of $800 in addition to the $500 paid at the time of the sale, making a total of $1,300 paid, leaving a balance of $3,200 unpaid.

For his second cause of action, the plaintiff alleged that during the time when said partnership was in existence the plaintiff and defendant by individual contributions, taken from the partnership and charged to each of them, purchased an automobile, not for the purpose of the business, but for pleasure, paying therefor the sum of $1,660. The automobile was to be used for the mutual enjoyment of the plaintiff and his family and the defendant and his family; that the defendant deprived plaintiff of the use thereof, and prayed judgment against defendant for $830, one-half of the purchase price of the car.

For his third cause of action, plaintiff alleged that the defendant was the owner of a certain house in Lawton which had theretofore been used for a cigar factory and was unfit for use as a dwelling; that defendant agreed that plaintiff might repair said building and place it in condition to use as a dwelling, and that the plaintiff did repair said building and in so doing expended thereon the sum of $968.72; and that defendant refused to repay plaintiff any part of said sum except $250, which plaintiff allowed as a credit against defendant for the use of

the dwelling, which was used by plaintiff for 12½ months; and prayed judgment on his third cause of action in the sum of $718.72.

The case was tried to a court and jury and a verdict was returned by the jury in favor of the plaintiff in the sum of $4,668.72 without in any way stating or finding any particular amount on any one of the separate causes of action.

The defendant filed a motion for a new trial, and before it was acted upon by the court the plaintiff filed a remittitur in the sum of $1,168.70. After the remittitur had been filed, the court overruled the defendant's motion for a new trial and entered judgment in favor of the plaintiff in the sum of $3,500. From this judgment, the defendant has appealed to this court.

The first question the defendant presents for review is that the court erred in overruling the demurrer of the defendant to the evidence of the plaintiff as to the first cause of action. The plaintiff, himself, testified about the formation of the partnership, the division of the profits, the amount due him, etc. The jury evidently took his theory of the case and believed his testimony in reference thereto, and, in our opinion, it is sufficient to sustain the verdict of the jury and the judgment of the court.

The second question urged by the defendant for reversal is that the court erred in refusing to sustain the demurrer of the defendant to the evidence of the plaintiff as to the second cause of action. This cause of action was for $830 claimed for the one-half interest in the automobile.

This question is not free from difficulty. The evidence of the plaintiff, however, tended to support the allegations of his petition, and the rule is well established that where there is any evidence tending to establish the allegations of the plaintiff's petition, it is error to sustain a demurrer thereto. The court, therefore, committed no error in overruling the demurrer of the defendant to the evidence of the plaintiff as to the second cause of action.

For his third ground for reversal, the defendant urges that the court erred in giving instruction No. 9. We cannot review this instruction, however, because the same was not excepted to in the manner required by statute. Section 542, C. O. S. 1921, required the exceptions to instructions to be signed by the trial judge. Exception to instruction No. 9 was not signed by the judge, and this court has repeatedly held that this

requirement is mandatory and unless complied with, instructions complained of cannot be reviewed on appeal. See Hornstein v. Yarrington, 110 Okla. 175, 237 Pac. 73.

Before the court, however, would enter its judgment on the verdict returned by the jury, it required a remittitur of $1,168.70. This was doubtless done to protect the defendant against any errors that may have been committed by the jury in returning a verdict against defendant and in favor of plaintiff on the second and third causes of action. Since the jury evidently took the plaintiff's theory of the case and believed his testimony in reference to the formation of the partnership and the sale of the plaintiff's one-half interest to the defendant and since there is sufficient evidence in the record tending to sustain this theory of the case, we do not think the record presents reversible error.

The judgment of the trial court is therefore affirmed, and judgment awarded herein on the supersedeas bond.

BRANSON, C. J., and PHELPS, LESTER, and HUNT, JJ., concur.

Note.—See under (1) 38 Cyc. pp. 1547, 1548; 26 R. C. L. p. 1061; 4 R. C. L. Supp. p. 1694. (2) 38 Cyc. pp. 1790, 1792, 1793.