LOCAL FEDERAL SAVINGS & LOAN ASS'N et al. v. SICKLES.

No. 31623. Oct. 9, 1945.

Rehearing Denied Jan. 29, 1946.

*165 P. 2d 328.*

Everest, McKenzie & Gibbons, of Oklahoma City, for plaintiffs in error.

P. S. Hillman and J. Cal Counts, both of Oklahoma City, for defendant in error.

RILEY, J. This action was commenced in the district court of Oklahoma county on March 23, 1942, by defendant in error, herein referred to as plaintiff, against Local Federal Savings & Loan Association, to cancel of record a mortgage covering lots 45 and 46, block 1, Bancroft addition to Oklahoma City, executed by Elery L. Ervin and Tessie E. Ervin, husband and wife, who did not own said property.

Plaintiff alleged that she was the owner of said property; that said mortgage constituted a cloud upon her title; that she had made due demand of the defendant for a release of said mortgage but defendant had refused to release the same; that defendant was guilty of malice and oppression in willfully recording said false mortgage and was guilty of malicious conduct and oppression in refusing to release said mortgage after due demand; that by reason thereof, plaintiff was damaged in the sum of $250 and that by reason of the willful and oppressive conduct of defendant, plaintiff was entitled to punitive damages in the sum of $250. Prayer was for cancellation of said mortgage of record and for $250 actual and $250 punitive damages.

Local filed a motion that plaintiff be required to make Elery L. Ervin and Tessie E. Ervin parties defendant. After said motion was overruled, Local answered denying that plaintiff had been damaged in any sum and denying that Local had been guilty of overt or oppressive conduct. The answer then alleged that on October 26, 1941, plaintiff made a written contract with Elery L. and Tessie E. Ervin wherein plaintiff agreed to sell and the Ervins agreed to purchase said property for a consideration of $2,100, payable according to said contract; that the Ervins claimed that they owned said property or had some rights therein; that the Ervins had performed their part of said contract and had paid large sums of money under the terms of said contract to the Home Owners Loan Corporation, which held a mortgage on said property, for the protection of plaintiff. The answer further alleged, on information, that the Ervins had also paid plaintiff large sums of money under said contract. A copy of the contract was attached to and made a part of the answer. The answer further alleged that after the execution of said contract, and with the approval of plaintiff, the Ervins made application to Local for a loan on said property in the sum of $1,600 to pay the mortgage to the H.O.L.C. and that plaintiff approved and ratified the same; that the Ervins gave their promissory note to Local and executed the mortgage to secure the same; that Local was in good faith in taking said note and mortgage and that plaintiff was fully advised and understood the purpose of said note and mortgage and had ratified and confirmed the payments made to H.O.L.C. under said contract, and that Ervins were entitled to performance of the contract and were necessary parties.

Local then renewed its motion that the Ervins be made parties defendant. This motion was granted, the Ervins were made parties defendant and filed their answer and cross-petition denying that plaintiff was the true and rightful owner of said property. They admitted the execution of the note and mortgage to Local and alleged that they executed same in good faith; they pleaded the contract of purchase and alleged that plaintiff agreed to give possession immediately upon the execution of said contract, and that they had been in possession since October 27, 1941, under said contract; that plaintiff knew, when she signed the contract, that the Ervins intended to obtain a loan from Local to satisfy and pay off the mortgage of the H.O.L.C.; that the application for the loan was made with the knowledge, consent, and approval of plaintiff; that on December 16, 1941, there was due and delinquent on the H.O.L.C. mortgage the sum of $129.36; that plaintiff failed to make said payments and that on March 24, 1942, H.O.L.C. advised these defendants that their loan was delinquent in the sum of $217.10 as of March 16, 1942, and that these defendants, being in possession and under the contract of purchase, paid H.O.L.C. said sum of $217.10 to avoid foreclosure, all of which was known to plaintiff; that in addition to the $1,600 loan, they deposited $36.19 with Local to liquidate the H.O.L.C. mortgage, making available the sum of $106.42 to pay plaintiff on the contract under which Ervins were obligated to pay only $5 per month; that under the facts pleaded,

they were entitled to a judgment compelling specific performance of said contract and a judgment directing plaintiff to execute a proper deed conveying said property to them.

Plaintiff then filed amended answer and cross-petition alleging, in substance, that she was 60 years of age, in poor health and advanced physical debility; that she was not educated nor versed in business matters; that she had implicit confidence in and relied upon defendant Elery Ervin in his representations and dealings with her; that said defendant endeavored to purchase said property and she finally yielded to his importunities to the extent that she agreed that he might purchase said property and she would sell it to him if he would pay her $600 in cash on her equity and $50 in cash for certain items of furniture listed on the back of said contract, and that any balance of the purchase price, after payment of the first mortgage on the property and the $600 in cash, was to be secured by a second mortgage on the property, payable $5 per month with interest at 6%; that at all times she had informed defendant Ervin that she must realize at least $600 cash on her equity; that said defendant had promised and agreed with plaintiff that he would pay her $600 cash and give her a note for the balance, secured by a second mortgage on the property; that said defendant Elery Ervin prepared and submitted to plaintiff, for her signature, the instrument dated October 26, 1941, and falsely represented to her that said instrument was not a contract for the sale of said property but was a statement which he must have in order to get approval for the loan on the property sufficient to pay off the first mortgage to the H.O.L.C. and that as soon as he secured approval for such loan, he would return said instrument to plaintiff and that thereafter they would enter into a contract for the sale and purchase of said property, which would provide that the Ervins would pay off said first mortgage and pay plaintiff $600 in cash and provide that plaintiff should have a note

for any balance, payable $5 per month, secured by a second mortgage, and that said contract would further provide that the plaintiff should have $50 cash for the furniture mentioned; that plaintiff, by reason of her implicit faith and confidence in said Elery Ervin, and relying upon his representations, did not read said instrument for the reason that Ervin insisted that he was in a hurry and did not have time to read said instrument, and that she was thereby induced to sign said paper without knowing its contents; that all of said representations were false and fraudulent and that said defendants never intended to pay her $600 in cash on her equity and $50 in cash for the furniture. She further alleged that the contract pleaded by defendants is not even a true and correct copy of the instrument which she did sign, in that after she had signed the same, defendant Elery Ervin, without her knowledge or consent, filled in a blank space showing the alleged unpaid balance of the mortgage indebtedness to the H.O.L.C. in the sum of $1,435; that the purported agreement was not the agreement of the parties for the reason that it did not provide for the cash payment of $600 on her equity and $50 cash for the furniture. She specifically denied that defendants Ervin went into possession under said contract dated October 26, 1941, and alleged the facts to be that said defendants moved into one of the houses on said lots, as tenants, on October 1, 1941, at an agreed rental of $20 per month; that four months passed without payment of any rent, whereupon plaintiff served notice on said defendants that unless they paid said rent, suit for eviction would be filed, and further notified said defendants that by reason of failure to pay said rent, she would not sell them the property and that any tentative agreement she had made for such sale was rescinded. Thereupon, during the month of February, 1942, said defendants Ervin paid plaintiff the sum of $20 for rent. She denied that Ervin paid any money to the H.O.L.C. by her authority or consent and that if he did make such payments, same

were made by him as a volunteer and therefore would not entitle him to any right or equity in the premises. She then alleged that up to the time of the filing of said amended reply and answer, the defendants Ervin had occupied the house as renters for 19 months at $20 per month and had never paid but $20, and were therefore indebted to plaintiff for 18 months' rent in the sum of $360, for which she prayed judgment.

The issues thus joined were tried to a jury, resulting in a verdict and judgment in favor of plaintiff and against defendants Ervin in the sum of $360, and a verdict and judgment in favor of plaintiff and against defendant Local for $250 actual and $250 punitive damages, from which judgment defendants appeal.

We now consider the petition in error of Local. The second assignment therein is that the court erred in overruling the demurrer of Local to the original petition of plaintiff. The record does not show the filing of such demurrer and does not show an order overruling the demurrer to the original petition.

At the close of plaintiff's evidence in chief, Local demurred thereto. The demurrer was overruled and at the close of all the evidence, Local moved the court for a directed verdict in its favor, which was also overruled. Local contends that this was error. There was no error in overruling the motion as a whole. The right of Local to have its mortgage sustained depended entirely upon whether the contract of sale to the Ervins, relied upon, was valid and enforceable as against plaintiff. The trial court found and held that said contract was obtained through false and fraudulent representations of defendants Elery L. Ervin and Tessie E. Ervin. A review of the evidence as a whole will disclose that said finding of the trial court is not clearly against the weight of the evidence. Admittedly, Local had never paid out any money to the Ervins or anyone else under the note and mort-

gage. Ervins, having no title, legal or equitable, upon which the mortgage could be based, plaintiff was clearly entitled to have the mortgage canceled of record. To that extent, the contention of Local that the evidence wholly fails to establish a cause of action against it cannot be sustained.

There is merit in the contention of Local that there was no evidence upon which to base a recovery against it for damages, either actual or punitive. An action in the nature of the one here involved, so far as claims for damages are concerned, falls within the class denominated in law as "slander of title", which is defined to be "a false and malicious statement, oral or written, made in disparagement of a person's title to real or personal property, or some right of his, causing him special damages". Coffman v. Henderson 9 Ala. App 553, 63 So. 808; 37 C.J. 129.

A false statement may consist of an assertion that plaintiff has no title to the property of which he is the ostensible owner, or that his title is defective, or that, as here, that defendant has, himself, an interest in or lien upon the property. Whatever the statement may be, in order to form the basis of a right of action, it must have been made, not only falsely, but maliciously. These elements are the very gist of the action, without both of which it does not exist. Coffman v. Henderson, supra.

Malice is a necessary ingredient to entitle plaintiff to recover. The action cannot be maintained if the claim was asserted by defendant in good faith or if the acts complained of were founded upon probable cause or were so prompted by a reasonable belief, although the statement may have been false. 37 C.J. 131. Glieberman et al. v. Fine, 248 Mich. 8, 226 N.W. 669. Therein it is held:

"Both falsity of statement and malice are necessary elements, which must be proved and established by evidence, before plaintiff is entitled to recover for slander of title."

"Bank, taking mortgage on land from

one who had no interest therein and placing mortgage on record, was not liable to true owner for slander of title, if its claim under the mortgage was asserted in good faith, on probable cause, or prompted by reasonable belief that mortgagor had rights in real estate which he might mortgage or convey."

In this case there is no evidence whatever that Local had any knowledge or notice of any claim of fraud in the procurement of the contract by Ervin at the time it took the mortgage or at the time it was filed for record. Up to that time, Local had every reason to believe that the contract for the purchase, presented to it, was made and executed in good faith. Local had been advised by plaintiff that she was about to sell the property to the Ervins. In fact, she requested H.O.L.C. to send the abstract of title to the Local. It may be true that Local knew at the time that the Ervins had no deed to the property, but there is no showing that Local had any notice of the alleged fraud in the procurement of the contract.

It is true that as a general rule in an action for libel or slander, if plaintiff can show the publication was false in any material respect and can also show special damages to himself by reason of it, malice will be presumed and a prima facie case will be made for plaintiff. But, in actions for slander of title, the burden of proving malice rests upon plaintiff and malice will not be presumed. 37 C.J. 135.

After plaintiff claimed discovery of the alleged fraud upon her, inducing her to sign the contract, and Local's attention was called thereto, it consulted an attorney and apparently in good faith relied upon the advice of the attorney as to the binding effect of the contract of sale. From the whole record, it is plain that there was no evidence of malice on the part of Local and there was no issue to submit to the jury on that question.

Local contends there was error in some of the instructions to the jury. The question of this alleged error is not properly before this court for the reason that defendants did not properly save their exceptions to the instructions of which they complain. To have instructions reviewed upon appeal, it is necessary to except thereto and have the exceptions sgned by the trial judge. Brown v. Nichols, 117 Okla. 233, 245 P. 850; Potter v. Bond, 98 Okla. 135, 224 P. 537; Bartlesville Interurban R. Co. v. Quaid, 51 Okla. 166, 151 P. 891; Bennett v. American Nat. Bank, 130 Okla. 23, 264 P. 912; Hornstein v. Yarrington, 110 Okla. 175, 237 P. 73; Scott v. Scott, 129 Okla. 176, 264 P. 159. In this case, none of the exceptions to the instructions given were signed by the trial judge.

Defendants Elery Ervin and Tessie Ervin present substantially the same assignments of error as did the Local. They first assert that the trial court erred in refusing their motion for a directed verdict. The grounds of the motion were that "plaintiff failed to prove the alleged grounds of fraud, and for the further reason that plaintiff has failed to prove the material allegations of fraud by clear and cogent testimony". We are not willing to so hold. While the evidence is in sharp conflict on the question of fraud, we deem it unnecessary to review it at length. We deem it sufficient to say that plaintiff was quite positive in her testimony as to the execution of the written contract and the manner in which her signature was procured. She was positive that she had never agreed to sell the property to Ervin unless by the sale she would receive at least $600 in cash on her equity in the property and $50 in cash for the furniture. She admitted her signature to the contract but insisted that a blank for the unpaid amount of the H.O.L.C. mortgage had been filled in without her knowledge or consent. Plaintiff insisted that her agreement always was that she was to have $600 cash on the equity and $50 cash for the personal property she had agreed to sell to the Ervins and that such should be the agreement when written. She testified positively and

repeatedly that she did not read the instrument she signed because she did not have her glasses and could not read it and that Ervin had insisted upon her signing it because he was in a hurry and did not have time to read it. She testified that Ervin assured her that it was not a contract for sale of the property but was merely a statement to the Local for the purpose of securing approval for a loan and that he would return it to her, after which they would sign a contract of sale; that she never knew that the instrument she signed was a contract for the sale of the property and that she relied implicitly upon the representations of Ervin and didn't discover the contents of the contract until after February 15, 1942, and that this was the first she knew that she had signed a contract for the sale of the property, which did not reflect the actual agreement she had with Ervin for such sale.

Defendants Ervin contended, and so alleged in the pleadings, that they went into possession of one of the houses on the lots, under the contract. The evidence conclusively shows that they moved into the house about October 1, 1941, and that the alleged contract was not executed until October 26, 1941. Plaintiff testified positively that Ervin went into the house as tenant under an agreement to pay $20 per month rent. He did pay her $20 during the month of February, 1942. Under the record, we cannot say as a matter of law that the trial court erred in overruling the motion for directed verdict. Neither can we say that the verdict is not supported by sufficient evidence.

Defendants Ervin also assert error in giving certain instructions to the jury. What we have said concerning the exceptions to the instructions, by Local, is applicable to the exceptions by the Ervins. None of the exceptions of the Ervins to the instructions were signed by the trial judge.

It is also contended that the verdict is excessive in that plaintiff admitted that in addition to the sum of $20 paid to her in February, 1942, the defendants Ervin furnished her groceries of the value of about $8.67 for which they were never given credit. This is apparently true. The amount involved is small and may properly be adjusted in final settlement. The judgment will therefore not be reversed for this small error.

It is also contended that the court erred in requiring defendants Ervin to give a supersedeas bond conditioned upon the payment for the use and occupancy of the premises pending the appeal. That matter is not mentioned in the petition in error and therefore is not before this court.

The judgment of the trial court canceling the mortgage of the Local is affirmed. That part of the judgment against Local for $250 actual damages and $250 punitive damages is reversed. The judgment against defendants Elery L. Ervin and Tessie E. Ervin is affirmed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, BAYLESS, CORN, DAVISON, and ARNOLD, JJ., concur.