The **PRUDENTIAL INSURANCE COMPANY OF AMERICA**, a corporation, Plaintiff,

v.

**W. C. BONNEY and Kara Lee Bonney, husband and wife, and Wilma G. Bonney, Defendants.**

Civ. No. 67–313.

United States District Court
W. D. Oklahoma.

May 8, 1969.

See also D.C., 299 F.Supp. 794.

Fred W. Dunlevy, Ben Burdick, Oklahoma City, Okl., for plaintiff.

Lee B. Thompson, John H. Cantrell, E. W. Keller, Hali J. Wells, Oklahoma City, Okl., for Wilma C. Bonney.

Fuller, Davis, Henderson & Tubb, Oklahoma City, Okl., for W. C. and Kara Lee Bonney.

Rex Travis, Oklahoma City, Okl., for Kara Lee Bonney.

## ORDER

DAUGHERTY, District Judge.

Plaintiff proceeds herein by way of foreclosure of its mortgage on certain land owned by the Defendant Wilma Bonney. The land was mortgaged to Plaintiff by Wilma's son and daughter-in-law, the Defendants W. C. Bonney and Kara Lee Bonney. Wilma, however, never conveyed the land, rather, her son forged her name to the warranty deed giving him a supposed title to the land, which was the basis of the mortgage. Wilma has counterclaimed against the Plaintiff, seeking a release of the mortgage lien and reimbursement of her costs and expenses in clearing her title.

The forged deed and the mortgage were executed and recorded within a short period of time in 1966. About a month after the forgery and mortgage, Wilma learned of the forgery and the mortgage to the Plaintiff and obtained a quitclaim deed from her son and his wife. She did not, however, notify the Plaintiff of her ownership of the land for more than sixteen months after learning of the forgery and mortgage by the forger. When Wilma notified the Plaintiff that she owned the land she also then demanded a release of the mortgage. Plaintiff refused to comply. This foreclosure action was then initiated. Wilma's Motion for Summary Judgment on Plaintiff's cause of action for foreclosure has been previously denied because Plaintiff injected the issue of estoppel in the

case, which requires a factual determination. Dunavant v. Evans, 191 Okl. 208, 127 P.2d 190 (1942). Wilma has also counterclaimed against the Plaintiff and seeks damages for alleged slander of her title to the land by the Plaintiff. The slander of title is alleged to have been committed by the recording of the mortgage and the filing of the mortgage foreclosure suit.

Plaintiff's Motion for Summary Judgment presently before the Court seeks relief as follows: (1) Entry of a judgment for the unpaid balance of the mortgage note and accrued interest against the Defendant Kara Lee Bonney. (2) Partial summary judgment against Wilma Bonney denying or dismissing her slander of title counterclaim and striking her allegations concerning attorney's fees if her claim in that regard is not denied.

In support of its Motion, Plaintiff contends that as to its claim against Kara Lee Bonney, she does not deny the execution of the mortgage and its related note and thus there is no fact issue present which prohibits the summary determination of her liability thereon. As to Wilma Bonney's counterclaim against it, Plaintiff contends that as it has acted in good faith in instituting the foreclosure action, the necessary element of malice is missing from Wilma's action for slander of title, that in any event Wilma has not stated facts sufficient to support such a cause of action, and that as a matter of law, she is not entitled to attorney's fees. Kara Lee Bonney has taken the position (in briefs) that she was induced by her husband's fraud to sign the papers, that he was then acting as the agent of the Plaintiff, and that the transaction is not supported by consideration as to her. Since Plaintiff's Motion was filed, Wilma Bonney amended her Counterclaim to include specific allegations of malice on the part of Plaintiff in connection with the alleged slander of title and to list her claimed special damages caused thereby.

As to Kara Lee Bonney, the Complaint alleges that she executed the mortgage and note herein for a valuable consideration. Her Answer states that if she signed the note and mortgage, she was unaware of the nature or effect of her signature. In her deposition, and also in her Brief in Response to Plaintiff's Motion for Summary Judgment, she raises a defense of lack of consideration.

With respect to her signature, 12A Okl.St.Ann. § 3–307 provides:

"(1) Unless specifically denied in the pleadings each signature on an instrument is admitted. When the effectiveness of a signature is put in issue (a) the burden of establishing it is on the party claiming under the signature; but (b) the signature is presumed to be genuine or authorized * * *. (2) When signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense."

The note and mortgage in question were executed on March 2, 1966. Kara Lee Bonney's Answer does not specifically deny that the documents were signed by her. Her signature thereon is thus admitted. Plaintiff is entitled to recover unless a defense is established. Kara Lee Bonney's claim that she did not understand what she was signing is not a defense, Guthrie & Western R. Co. v. Rhodes, 19 Okl. 21, 91 P. 1119, 21 L.R.A., N.S., 490 (1907), and see Hickman v. Oklahoma Savings & Loan Ass'n, 169 Okl. 224, 36 P.2d 928 (1934). The defense of lack of consideration has not been pleaded in the form prescribed by the Rules. Rule 12(b), F.R.Civ.P., 28 U.S.C.A. Thus, Kara Lee Bonney's signature having been admitted and no defense having been established, Plaintiff is entitled to recover against her on the note upon its production.

In Wilma Bonney's slander of title Counterclaim, five essential elements are necessary: (1) a publication, (2) a false statement in the publication, (3) malice in the publication, (4) special

damage by reason of the publication, and (5) ownership or possession of the property which is the object of the publication. New England Oil & Pipe Line Co. v. Rogers, 154 Okl. 285, 7 P.2d 638 (Okl. 1931). It is Plaintiff's position that Wilma Bonney has failed to plead special damage and malice. However, she pleads both in her said Amendments to Counterclaim.

 The damages pleaded are classified by Wilma Bonney's Amendments to Counterclaim as depreciation in the market value of the land and expenses of litigation required to clear her title of slander. There is little in Oklahoma law respecting the measure of damages in a slander of title suit.[1] The Oklahoma courts have apparently never relied on 12 Okl.St.Ann. § 1442.[2] See, for example, Local Federal Savings & Loan Ass'n of Oklahoma City v. Sickles, 196 Okl. 395, 165 P.2d 328, at 331 (1945). In the one case dealing with the measure of damages in a slander of title action, the Oklahoma Supreme Court relied principally on text authority.[3] The general rule of damages from torts is stated in 23 Okl.St.Ann. § 61:

> "For the breach of an obligation not arising from contract, the measure of damages * * * is the amount which will compensate for all detriment proximately caused thereby, whether it could have been anticipated or not."

In a slander of title case, it is one's property which is injured, as the slander is not directed at the owner of the property, but at the owner's interest in the property. Thus, cases which deal with the question of proper damages for injury to real property should be applicable by analogy to this type of action. In this connection, it is held that where the damage is not permanent but is subject to correction or repair, the measure of damages is the reasonable cost of restoring the property substantially to its former condition. Allied Hotels, Ltd. v. Barden, 389 P.2d 968 (Okl.1964). Logically, when one's title to land is clouded by another's slander, the cost of removing the cloud to make the title whole again should be considered a part of the damages caused by the slander. However, there is not much agreement among the courts whether such costs, including attorney's fees, are recoverable damages. 53 C.J.S. Libel & Slander § 279, pp. 403–404. In any event, the law in this area is too uncertain to permit the Court to conclude that none of the elements of damage Wilma Bonney alleges are not special damages recoverable herein.

 With respect to the element of malice, the Oklahoma courts at first held that a prima facie case of malice can be made out on a showing of the other elements of the slander. New England Oil & Pipe Line Co. v. Rogers, 154 Okl. 285, 7 P.2d 638 (1931); Kingkade v. Plummer, 111 Okl. 197, 239 P. 628 (Okl. 1925). The latter case applied 12 Okl. St.Ann. § 1445, which provides:

> "An injurious publication is presumed to have been malicious if no justifiable motive for making it is shown."

A later case, Local Federal Savings & Loan Ass'n v. Sickles, supra, held, without reference to the above statute, or 12 Okl.St.Ann. § 1443,[4] or the two previous cases cited above, that malice

---

1. Rucker v. Burke, 183 Okl. 639, 84 P.2d 20 (1938), deals only with damages recoverable where the slander caused the true owner to lose a prospective sale of the property, and the burden of proof thereof. It does not restrict the measure of damages in a slander of title suit to that type of loss, as Plaintiff contends.

2. It provides: "Slander defined. Slander is a false and unprivileged publication, other than libel, * * * Which, by natural consequences, causes actual damage."

3. Rucker v. Burke, supra, note 1, citing 37 C.J. Libel & Slander § 600, p. 132 (now 53 C.J.S. Libel & Slander § 276, p. 395).

4. Which provides: "In all cases of publication of matter not privileged under this section, malice shall be presumed from the publication, unless the fact and the testimony rebut the same."

may not be presumed. With the law in such doubtful state, the Court cannot conclude that the element of malice cannot be proved as a fact in Wilma Bonney's Counterclaim.

The determination of the question of malice and of special damages on Wilma Bonney's Counterclaim, as amended, necessarily involve factual determinations, therefore, Plaintiff's Motion for Summary Judgment is denied. Inasmuch as Wilma Bonney may recover attorney fees as special damages in her slander of title counterclaim and also pursuant to 42 Oklahoma Statutes 176, if judgment is rendered for her on Plaintiff's action to enforce its mortgage lien, Plaintiff's Motion to Strike her allegations concerning attorney's fees is also denied.

Plaintiff's Motion for Summary Judgment with respect to Defendant Kara Lee Bonney is granted, as previously indicated. Plaintiff's counsel will prepare a judgment against this Defendant. Otherwise Plaintiff's Motion for Summary Judgment is denied.