ROADWAY EXPRESS, Inc., v. BATY et al.

No. 29601.   Jan. 28, 1941.

Rehearing Denied July 1, 1941.

*114 P. 2d 935.*

Butler & Rinehart and Mart Brown, all of Oklahoma City, for plaintiff in error.

Frederick H. Brigham, Howard B. Hopps, and A. D. Erdberg, all of Oklahoma City, for defendant in error.

GIBSON, J. Defendant in error Paul Baty commenced this action in district court against Roadway Express, Inc., and Forest Henson Barker to recover for personal injuries sustained in an automobile collision. Judgment was entered on the verdict for plaintiff, and the company alone appeals.

The accident occurred about 3:45 a. m., during a rainstorm. Plaintiff was traveling south on the paved highway, when his motor was drowned out by the rain. He stopped his car on the paving and attempted by certain means to dry the motor. Defendant's truck coming from the south was brought to a stop on the paving alongside plaintiff's car, leaving a space too narrow for traffic to pass. The employees on the truck offered their aid to plaintiff in drying the motor, and plaintiff accepted. While the parties were so engaged the defendant Barker, approaching in his automobile from the north at a high rate of speed, apparently attempted to drive through the narrow space aforesaid and collided with the truck and the car, and as a result plaintiff was injured.

Plaintiff charges that by reason of section 10327, O. S. 1931, 69 Okla. Stat. Ann. § 583, Rule 10, the driver of the truck was guilty of negligence per se in stopping with the left side thereof nearer than three feet to the right of the center of the highway. Magnolia Petroleum Co. v. Witcher, 141 Okla. 175, 284 P. 297; Y. & Y. Operating Co. v. Pugh, 179 Okla. 198, 65 P. 2d 186; Fay v. Brewer, 181 Okla. 554, 75 P. 2d 425.

The defendant company charges plaintiff with primary negligence under the same statute, alleging that plaintiff's car stood less than three feet from the center of the highway. It is further alleged that the plaintiff was guilty of contributory negligence in accepting the aid offered by defendant's employees under the circumstances and thereby agreeing to and taking part in the violation of Rule 10, above, by defendant.

Defendant says the trial court erred in denying its request for a directed verdict.

Defendant admits that the driver of the truck violated Rule 10; and the jury believed plaintiff's testimony that his own car was standing more than three feet from the center of the paving. Under the court's instructions on this question they found the plaintiff free of primary negligence, and that the act of the truck driver was the proximate cause of the accident. No doubt the jury believed that Barker could have passed with safety had defendant not violated the rule.

It is certain the defendant failed to live up to the standard of duty required of it by law, thus to brand the act as negligence per se. Magnolia Petroleum Co. v. Witcher, supra. Had the plaintiff also admitted his violation of Rule 10, then both parties would have been guilty of negligence as a matter of law, in the absence of extenuating circumstances. The burden is on the party who violates the rule to show that his act was due to circumstances beyond his control; that he was not guilty of negligence. Allen v. Cubbison, 150 Okla. 116, 3 P. 2d 677. Defendant made no attempt to excuse its negligent act. The fundamental rule of law governing cases of this character is stated in the Witcher Case, above, as follows:

"It is well settled that the failure to perform a statutory duty imposed by a valid statute under the police power of the state for the protection of the public, is negligence per se or negligence as a matter of law."

In view of our former decisions we think it more appropriate in cases involving violation of rules of the road to say that a presumption of negligence

accompanies every such violation, instead of holding the same to be negligence as a matter of law.

It was proper to allow the jury to determine whether the plaintiff had violated Rule 10, and to say whether defendant's negligence was the proximate cause of the accident. They evidently thought that plaintiff had not violated the rule, and that the injury was the proximate result of defendant's act. If plaintiff had violated Rule 10, he could not recover. Schaff, Rec., v. Richardson, 119 Okla. 160, 250 P. 133.

Defendant next complains of certain of the court's instructions.

The instruction in question advised the jury that if the plaintiff's car was parked according to law, and defendant's truck was within three feet of the center of the highway and was a contributing or proximate cause of the injury, then the verdict should be for the plaintiff and against defendant.

This instruction is clearly erroneous. Aside from the question of defendant's negligence and proximate cause, it would assume that the only obstacle in plaintiff's way to a verdict was the lawful parking of his car, while as a matter of fact there were other issues necessary for the jury's consideration to that end. The court was here dealing with the question of contributory negligence and, in view of the evidence, has misstated the law thereon.

Merely complying with the statutory requirement relating to the position of his car on the paving did not, as a matter of law, save plaintiff from negligence. The statute fixing the standard of conduct in this respect does not relieve the motorist of his common-law duty to use ordinary care for his own safety and the safety of others. In 42 C. J. 883, § 583, the law is stated as follows:

"Statutory requirements with respect to the operation of motor vehicles do not abrogate the common-law duties of the owners or operators thereof with respect to persons or property on the highways, but prescribe rules of conduct in addition to, or in excess of, common-law requirements, and a lack of ordinary care is not excused by the circumstance that all express statutory requirements have been complied with."

There were other allegations of negligence on the part of plaintiff, and evidence to support the same. It was the court's duty, on its own motion, to instruct correctly on the issue of contributory negligence. It was a fundamental issue of law involved in the case. Section 359, O. S. 1931, 12 Okla. Stat. Ann. § 577 (5); First National Bank v. Cox, 83 Okla. 1, 200 P. 238; Liberty National Bank v. Semkoff, 184 Okla. 18, 84 P. 2d 438; City of Altus v. Martin, 185 Okla. 446, 94 P. 2d 1. Limiting this issue to the mere noncompliance with Rule 10 was clearly erroneous in the face of defendant's exception to the instruction.

In Liberty National Bank v. Semkoff, above, the rule is stated as follows:

"It is the duty of the trial court on its own motion to properly instruct the jury upon the decisive issues made by the pleadings and the evidence introduced at the trial, and a failure so to do constitutes fundamental error."

By saving its exceptions to the instruction defendant is entitled to our full consideration of the pleadings and evidence bearing upon the issue in question. Since the issue of contributory negligence was a decisive one, it was the court's duty to properly instruct thereon.

Contrary to plaintiff's contention, it was unnecessary for defendant to request further instruction on the issue. Request is necessary only where the matter is one of special concern, not necessarily vital to the fundamental issues. Plaintiff cites Oklahoma Ry. Co. v. Boyd, 167 Okla. 151, 28 P. 2d 537, as authority for the argument that request must be made for proper instructions in such case, but it is noted that the instruction there complained of was special, and concerned the measure of

damages. And so in the case of Patsy Oil & Gas Co. v. Odom, 186 Okla. 116, 96 P. 2d 302. There the objection was that the court made no attempt to define "an attractive nuisance." Such a matter is special, not fundamental. In City of Altus v. Martin, supra, it was said that the trial court on its own motion must instruct correctly on the fundamental issues, but "the authorities point out that it is the duty of the parties to submit instructions upon special pleas, defenses, etc."

The judgment is reversed and the cause remanded, with directions to grant a new trial.

WELCH, C. J., CORN, V. C. J., and HURST and DAVISON, JJ., concur.