MONTGOMERY v. KIWASH ELECTRIC CO-OPERATIVE.

No. 35041. June 24, 1952.

*245 P. 2d 723.*

Howard K. Berry, Oklahoma City, for plaintiff in error.

Hervey & May, Oklahoma City, by John G. Hervey and Ralph May, Oklahoma City for defendant in error.

HALLEY, V.C. J. The parties occupy the same positions here as in the court below, and will be so referred to.

Aaron Nichols was employed by the defendant as a maintenance man on a certain part of its electrical installations in southwestern Oklahoma. On November 23, 1949, at approximately 10 o'clock a.m., Nichols was working at a point about two miles east of Butler, Oklahoma, near the residence of Allen Drennan, whose home had just been wired for electricity, and Nichols was engaged in making a connection between the electrical line of defendant and the house of Drennan when in some way his body came in contact with a line carrying 7,200 volts of electric current, and as a result he suffered almost instantaneous death.

The plaintiff alleged that the defendant was negligent in that it did not advise the deceased as to the proper place and manner in which to de-energize the line on which he was to make the connection, and that it was constructed in such a way that it was apt to confuse a workman, and made other charges of negligence. It developed from the evidence that there was no negligence on the part of the defendant in the manner in which the line was constructed, and that 45 minutes before the fatal accident the deceased had called in to defendant's office and talked with defendant's superintendent, and the superintendent had told him what work he was to do and asked him if he knew where the power was to be cut off, and he informed the superintendent that he did. Apparently Aaron Nichols was mistaken as to where to cut off the power; at least, he went to a point where the east-and-west line crossed the north-and-south line, but failed to de-energize the line that went to the Drennan home. It further developed that after he climbed the pole nearest the Drennan home, he called for his rubber gloves, and that before his helper could bring the rubber gloves he had made contact with a live line and his death had ensued.

The plaintiff's only claim for negligence for which there is any basis was the allegation that deceased was a young and inexperienced workman and had not been sufficiently instructed by the defendant as to the methods by which to carry on his work. There was evidence that he had done electrical work while in the service from 1946 to 1948, and that he had done electrical work for the Oklahoma Gas & Electric Company, and that he had been employed by defendant as a maintenance man and engaged in identically the same type of work for more than 4½ months, and was considered by his fellow workmen as a competent maintenance man. The only evidence to the contrary was the statement made by his former wife, who was the administratrix in this case and the mother of his two children, but with whom he had not lived for 6½ years. She testified that he had never had any training in electrical work during the time she lived with him. His second wife, with whom he lived at the time of his death, in answer to the question, "Was your husband a skilled electrician?" answered in these words: "As far as I know, no."

At the close of the evidence the defendant demurred to same, and the demurrer was sustained and judgment was entered for the defendant. A motion for new trial was filed, and from the judgment of the court overruling the motion for new trial the plaintiff has appealed.

It is well recognized that on a demurrer to the evidence, all evidence that is favorable to the defendant is withdrawn from the consideration of the court, and the testimony, with all reasonable inferences that may be drawn therefrom, should be considered

by the court. In the case relied upon by the plaintiff, Fisher v. Prairie, 26 Okla. 337, 109 P. 514, which involved an action for wrongful death in a case where a man was killed in the course of his employment by coming in contact with a live power line, the judgment for the plaintiff was reversed because of an improper instruction, but there was considerable discussion of the liability of the employer in cases of this kind. This significant statement is made in that case:

"The master is always warranted in acting on the presumption that the servant understands the dangers incident to normal, ordinary risks, and also that adults who hire themselves out to do a particular kind of work are supposed to understand the ordinary dangers which pertain to such work, and to accept the risks incident to the same."

There was no evidence to show that there was anything unusual about this connection that the deceased was to make. There is nothing in the evidence to show that the deceased was young and inexperienced. The only testimony was by his wife, that so far as she knew he was not a skilled electrician, and there is no evidence to show that she would know what it took to make a skilled electrician or that she was familiar in any way with the work that her husband was performing.

There was no evidence here that the employer knew or ought to have known that the deceased was ignorant of or unable to appreciate the dangers of the duties which he was performing. There is nothing in the evidence to show that the deceased did not know and appreciate the dangers of his employment. We further submit that when the deceased called for his rubber gloves, he must have realized that he was working with a live wire, and that his experience was such that he was bound to know of the peril in which he was placing himself. When he discovered that he had not cut off the current, common sense dictated that he should

do so. See 56 C.J.S., Master and Servant, §306.

We think that the rule of law applicable to this case is that no duty rests on the employer to warn experienced employees of danger ordinarily incident to their employment, and the employer is not bound to warn them unless the danger is latent, abnormal, or unusual, and of which the employer was aware and the employee was not. In this case the employee should have known as much about the line as anyone, as it was his duty to maintain it, and his inexperience has not been in any way demonstrated. Familiarity with a dangerous instrumentality sometimes breeds carelessness in regard thereto.

Inasmuch as we find no negligence on the part of the defendant in this case, we see no error in the action of the court in sustaining the demurrer to the evidence, and in entering judgment for the defendant.

The judgment is affirmed.

WELCH, DAVISON, JOHNSON, and O'NEAL, JJ., concur.