**Loyola Rose WOODS and Charles H. Woods, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 5163.**

United States Court of Appeals
Tenth Circuit.
Dec. 19, 1955.

5. Moore's Federal Practice, Vol. 7, ¶73.09[4] at p. 3143 (2d ed. 1955). See also note 3, supra.

Gomer Smith, Jr., Oklahoma City, Okl. (Gomer Smith and Associates and Charles R. Nesbitt, Oklahoma City, Okl., were with him on the brief), for appellants.

Harry G. Fender, Asst. U. S. Atty., Wagoner, Okl. (Frank D. McSherry, U. S. Atty., Muskogee, Okl., and Paul M. Brewer, Asst. U. S. Atty., Wewoka, were with him on the brief), for the United States.

PHILLIPS, Chief Judge, and MURRAH and PICKETT, Circuit Judges.

PHILLIPS, Chief Judge.

Loyola Rose Woods and Charles H. Woods, her husband, brought this action against the United States under the Tort Claims Act, 28 U.S.C.A. § 1346(b).

On January 5, 1952, at about 9:30 a. m., a collision occurred between an automobile driven by Mrs. Woods and an automobile owned by the United States and driven by Beulah Ethel Oldfield, an employee of the United States, on a bridge approximately seven miles east of Chickasha, Oklahoma, on U. S. Highway 62. Miss Oldfield was an employee of the Bureau of Indian Affairs and was acting within the scope of her employment at the time of the collision. On January 5, 1952, at about 8:15 a. m., Miss Oldfield and Ernest B. Downing left Anadarko, Oklahoma, to go to Shawnee, Oklahoma, on U. S. Highway 62. They had traveled 26 miles, when they reached the bridge where the collision occurred. Snow and ice had melted the previous day and had frozen. There were areas of ice on the highway. On traveling from Anadarko to the bridge, they had not experienced any slipping or skidding of the automobile when passing over patches of ice. Miss Oldfield traveled at a speed of 25 to 30 miles per hour. As she approached the bridge, and observing traffic coming from the opposite direction, she slowed down to a speed of between 10 and 15 miles per hour. There was a very thin layer of clear ice on the floor of the bridge, but neither Miss Oldfield nor Downing was able to see such ice from the front seat of the automobile. Prior to reaching the point of collision, Miss Oldfield and Downing had crossed several bridges on the way from Anadarko. There was no ice on any of such bridges.

After Miss Oldfield had driven the length of the automobile on the bridge, it started sliding toward the left lane. Miss Oldfield took her foot off the accelerator, did not apply the brakes, and undertook to straighten out the car by means of the steering wheel. She observed the Woods car approaching and behind it a large truck. The Government automobile skidded across the center line and was struck by the Woods

automobile. The Government automobile then moved back into its lane, but skidded again in front of the Woods automobile and was again struck by the Woods automobile and knocked back into its lane. The truck struck the Woods automobile in the rear.

The trial court found substantially the foregoing facts. While there was evidence to the contrary, such findings are supported by substantial evidence and are not clearly erroneous. The trial court concluded that Miss Oldfield was free from negligence and entered judgment for the United States. The Woods have appealed.

47 O.S.A. 121.4 provides:

"(a) Upon all roadways of sufficient width a vehicle shall be driven to the right of the center of the roadway * * *.

"(b) Drivers of vehicles proceeding in opposite directions shall pass each other to the right, and upon roadways having width for not more than one line of traffic in each direction each driver shall keep to the right of the center of the roadways."

 Counsel for the Woods contend that Miss Oldfield was guilty of negligence per se, by reason of the violation of the foregoing statute. The decisions of the Supreme Court of Oklahoma, under the facts and circumstances presented in the instant case, are to the contrary. They hold that the fact that an automobile is on the wrong side of the road does not establish negligence per se, but is only prima facie evidence of negligence, which may be rebutted by evidence establishing that the violation was not in fact a failure to exert ordinary care, under the attendant circumstances.[1]

Accordingly, we conclude that the judgment should be and it therefore is affirmed.

---

1. Roadway Express, Inc., v. Baty, 189 Okl. 180, 114 P.2d 935, 937; Larkey v. Church, 79 Okl. 202, 192 P. 569, 571, 572.