Robert E. CLARK, Plaintiff in Error,

v.

Juanita Jean HAWKINS, Defendant in Error.

No. 37571.

Supreme Court of Oklahoma.

Feb. 4, 1958.

Houston, Klein & Davidson and Edward L. Jacoby, Tulsa, for plaintiff in error.

Amos Nichols, Truman B. Rucker, B. W. Tabor and Joseph A. Sharp, Tulsa, for defendant in error.

WILLIAMS, Justice.

This action was brought by Robert E. Clark, hereinafter referred to as plaintiff,

against Juanita Jean Hawkins, hereinafter referred to as defendant, to recover damages for personal injuries alleged to have been sustained by plaintiff while riding as a guest passenger in defendant's automobile. The cause was tried to a jury and at the close of plaintiff's evidence the court sustained a demurrer to the evidence and instructed the jury to return a verdict for the defendant. Plaintiff has appealed from such action of the court and the only question presented by such appeal is whether the trial court was correct in sustaining the demurrer to plaintiff's evidence and instructing the verdict for defendant. In order to determine this question it is necessary to review the evidence offered by plaintiff.

The evidence discloses that on the afternoon of December 10, 1955, plaintiff was a guest passenger in an automobile driven by the defendant. While such automobile was passing over the Delaware Creek bridge on State Highway No. 11, a short distance north of the City of Tulsa, it crossed over the center line of said highway and collided with an oncoming vehicle. As a result of such collision, plaintiff received injuries for which damages are sought.

In addition to the medical testimony relative to the extent of plaintiff's injury and a stipulation relative to a complaint filed against defendant for reckless driving, plaintiff's evidence consisted of the testimony of three witnesses, namely, the plaintiff, a highway patrolman and the defendant. Plaintiff's testimony went to the facts above referred to, and he further testified that prior to the collision in question there had been nothing about defendant's manner of driving that had caused plaintiff any concern or alarm; that he heard defendant say "her car had slid or something, she had hit her brakes and slid over the line"; that the collision happened so fast that he couldn't say how it happened.

The highway patrolman testified that he investigated the accident soon after it happened, and that from his observations based on skid marks and location of debris, the collision occurred approximately five feet south of the south edge of the bridge and five feet east of the center of the road; that the bridge was icy and slick; that on the information of this witness a complaint for reckless driving was filed against the defendant.

It was stipulated that defendant had entered a plea of guilty to such complaint and paid a fine in the amount of $25. Such stipulation was made with the understanding that defendant did not waive her objection to the competency of the same, and with the understanding "that it doesn't prove negligence on the part of defendant."

Defendant, who was called by plaintiff as a witness, testified in substance that she was driving the automobile at the time of the accident; that the road was slick because of sleet; that it was slicker when she was coming back than it had been on the way out; that she knew that it was slick with sleet; that just before the accident she saw this other car in front of her and saw that her car was sliding toward the other car and she thought she applied her brakes; that it was her best judgment to stop and that she thought she applied her brakes.

Plaintiff contends that the evidence establishes that defendant violated the provisions of 47 O.S.1951, sec. 121.4, requiring all vehicles to be driven to the right of the center of the roadway, and that proof of such violation establishes a presumption of negligence on the part of defendant and that it was therefore error to sustain a demurrer to such evidence or to direct a verdict for the defendant. Such contention appears to be well taken. The evidence reveals that defendant violated one of the rules of the road, namely, the statute above cited. A presumption of negligence accompanies every such violation, and the burden is on the party who violates the rule to show that his act was due to circumstances beyond his control; that he was not guilty of negligence. Roadway

Express v. Baty, 189 Okl. 180, 114 P.2d 935; Allen v. Cubbison, 150 Okl. 116, 3 P.2d 677. In the case of Oklahoma Producing & Refining Corporation of America v. Freeman, 88 Okl. 166, 212 P. 742, this court said in the second paragraph of the syllabus:

"The driving of an automobile truck on the wrong side of the street, in violation of the ordinance of a city providing for regulation of travel, is prima facie evidence of negligence, and cast upon such party the burden of overcoming the presumption and showing that the violation of the ordinance was excusable under the circumstances existing at the time such negligence is alleged to have occurred."

Defendant argues that the presumption of negligence arising from the above mentioned violation was clearly overcome by the plaintiff's own testimony; that the testimony is clear that the automobile of the defendant apparently hit a slick spot upon the bridge and immediately slid sideways across the center line into the path of the oncoming car; that the accident happened so fast it was impossible for the defendant to do anything about it; that plaintiff offered no evidence upon which an inference could be based, of any negligence on the part of the defendant that resulted in the defendant's vehicle being to the left of the center line at the time the collision occurred; that on the contrary the evidence is clear that the cause of the defendant's car being to the left of the center line was an unforeseen accumulation of ice upon the bridge of which neither the defendant nor the plaintiff had any knowledge. We do not agree. Defendant herself testified that the condition of the road was that it was covered with sleet and was slick and that she knew it. There was no testimony of an unforeseen accumulation of ice upon the bridge. On the contrary the testimony was that the accumulation of ice or sleet upon the bridge was known about and observed by defendant.

We do not find it necessary to determine whether the other evidence was sufficient to overcome the presumption of negligence, or prima facie case of negligence, arising from proof of the fact that defendant's automobile was five feet to the left of the center line of the roadway at the time of the collision, because of the well established rule that on a demurrer to the evidence, all evidence that is favorable to the defendant is withdrawn from the consideration of the court, and the remaining testimony, with all reasonable inferences that may be drawn therefrom, should be considered by the court. Montgomery v. Kiwash Elec. Co-Op., 206 Okl. 606, 245 P.2d 723; Munn v. Mid-Continent Motor Securities Co., 100 Okl. 105, 228 P. 150.

In addition to the presumption of negligence, or prima facie case of negligence, arising from proof of violation of the rule of the road above referred to, plaintiff introduced evidence from the defendant that she applied her brakes at the time she was skidding on the bridge and further, that she knew the bridge was more slippery the second time she crossed it. We are therefore of the opinion that there is sufficient evidence in this case to put the defendant upon her proof and to carry the case to the jury, and it therefore follows that the court committed error in sustaining a demurrer to plaintiff's evidence.

The judgment is therefore reversed and the cause remanded with instructions to grant a new trial.

WELCH, C. J., and HALLEY, JOHNSON, BLACKBIRD, JACKSON and CARLILE, JJ., concur.

CORN, V. C. J., dissents.